UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - x

F/V SOFTWARE, L.L.C.,           :

          Plaintiff,     :     Civil Action
                                          No. 05-11286-PBS

          v.              :

ASPEN TECHNOLOGY, INC.,    :

          Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT ASPEN TECHNOLOGY, INC.**

       Defendant Aspen Technology, Inc. ("defendant"), by its undersigned counsel, answers the "Complaint For Breach Of Contract" (the "Complaint") filed by plaintiff F/V Software, L.L.C. ("plaintiff"), upon knowledge as to itself and its own acts and otherwise upon information and belief, as follows:

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except defendant admits that F/V Software, L.L.C. is alleged as plaintiff in this action.

       2.     Defendant admits the allegations in paragraph 2 of the Complaint.

       3.     Defendant avers the allegations in paragraph 3 of the Complaint are legal conclusions as to which no answer is required.

       4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits, upon information and belief, that plaintiff was part owner of a Louisiana company called Computer Processes Unlimited, Inc. ("CPU"), and that CPU had business units.

5.      Upon information and belief, defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant denies the allegations in paragraph 6 of the Complaint, except admits that the parties engaged in negotiations.

7.      Defendant denies the allegations in paragraph 7 of the Complaint, except admits that the parties engaged in negotiations.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant denies the allegations in paragraph 10 of the Complaint, except admits that defendant entered into a Registration Rights Agreement with plaintiff, among others, and refers to the contract documents for the complete terms and contents thereof.

11.     Defendant denies the allegations in paragraph 11 of the Complaint, except admits that defendant entered into certain relevant transactions, the terms of which are reflected in the contract documents, and refers to the contract documents for the complete terms and contents thereof.

12.     Defendant denies the allegations in paragraph 12 of the Complaint, except admits that defendant entered into certain relevant transactions, the terms of which are reflected in the contract documents, and refers to the contract documents for the complete terms and contents thereof.

13.     Defendant denies the allegations in paragraph 13 of the Complaint, except admits that defendant entered into certain relevant transactions, the terms of which

are reflected in the contract documents, and refers to the contract documents for the complete terms and contents thereof.

14.    Defendant denies the allegations in paragraph 14 of the Complaint, except admits that defendant entered into certain relevant transactions, the terms of which are reflected in the contract documents, and refers to the contract documents for the complete terms and contents thereof.

15.    Defendant denies the allegations in paragraph 15 of the Complaint.

16.    Defendant denies the allegations in paragraph 16 of the Complaint.

17.    Defendant denies the allegations in paragraph 17 of the Complaint, except admits that on or about June 15, 2001, defendant filed with the SEC a shelf Registration Statement on Form S-3, and refers to the Form S-3 for the complete terms and contents thereof.

18.    Defendant denies the allegations in paragraph 18 of the Complaint.

19.    Defendant denies the allegation in paragraph 19 of the Complaint, except admits that on or about November 16, 2001, defendant filed a letter with the SEC, and refers to the letter for the complete terms and contents thereof.

20.    Defendant denies the allegations in paragraph 20 of the Complaint, except admits that on or about November 26, 2001, defendant filed with the SEC a shelf Registration Statement on Form S-3, and refers to the Form S-3 for the complete terms and contents thereof.

21.    Defendant denies the allegations in paragraph 21 of the Complaint, except admits that at various times it receives written communications from the SEC, and refers to those written communications for the complete terms and contents thereof.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

Defendant avers that no response is required to the concluding language below paragraph 23 on page 5 of the Complaint.  To the extent a response is required, defendant denies the statements made therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because defendant met all of its obligations under its agreement with plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because defendant has not breached any duties or obligations, if any, owed to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because defendant at all times acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because all representations made by defendant had a basis in fact or a reasonable basis.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because plaintiff has not sustained any legally

cognizable damages or injuries by virtue of any matter alleged in the Complaint or any act or omission on the part of defendant.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because any damages to plaintiff were the proximate result of some superseding or intervening cause.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, and any recovery must be reduced in whole or in part, to the extent plaintiff has failed to act reasonably to mitigate, minimize or avoid damages, if any.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because any possible recovery is barred or reduced by the conduct or omissions of plaintiff.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because plaintiff failed to exercise due care or acted recklessly.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because any damages sustained by plaintiff are attributable to its own comparative fault, contributory negligence, assumption of risk or acts or omissions.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrines of waiver or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because defendant, to the extent necessary or required, fully disclosed all material facts regarding its agreements with plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is, or may or will be, barred by operation of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, reduced or limited pursuant to applicable statutory or common law regarding limitations of awards, caps of recovery or setoffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of frauds.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of ratification.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by and under the terms of the contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because plaintiff lacks standing.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claim is barred by the parol evidence rule.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend its answer and assert all such defenses.

WHEREFORE, defendant respectfully requests that this Court:

(a)    Grant defendant judgment on plaintiff's claim and dismiss the Complaint with prejudice in its entirety;

(b)    Award defendant its costs and attorneys' fees for the defense of this action; and

(c)    Award defendant such other relief as the Court deems just and proper.

Dated: January 9, 2006
       Boston, Massachusetts

Respectfully submitted,

/s/ Justin J. Daniels
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
Benjamin L. Mack (BBO #661590)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Telephone: (617) 573-4800
jdaniels@skadden.com

Counsel for Defendant Aspen Technology, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I, Benjamin L. Mack, hereby certify that the Answer And Affirmative Defenses Of Defendant Aspen Technology, Inc., filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 9, 2006.

Dated: January 9, 2006

/s/ Benjamin L. Mack
Benjamin L. Mack

7